# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1198V
Filed: April 23, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SCOTT SWAILES, | * | |
| | * | |
| Petitioner, | * | Decision on Attorneys' Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Elizabeth K. Abramson, Esq.*, Maglio Christopher & Toale, P.A., Washington, DC, for petitioner.
*Colleen C. Hartley, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 6, 2017, Scott Swailes ("Mr. Swailes" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") from an influenza ("flu") vaccination he received on October 20, 2015. Petition at 1, ECF No. 1. On July 13, 2023, respondent filed a Stipulation. Stipulation, ECF No. 55. A Decision adopting the Stipulation was filed the same day. Decision, ECF No. 56.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On September 27, 2023, petitioner filed a Motion for Attorneys' Fees. Motion for Fees, ECF No. 61. Petitioner requests attorneys' fees in the amount of $34,595.40 and costs in the amount of $1,306.98 for a total of attorneys' fees and costs in the amount of **$35,902.38**. Motion for Fees at 1-2. In accordance with General Order No. 9, petitioner's counsel confirmed that petitioner did not incur out-of-pocket expenses. *Id.* at 2.

The same day, respondent filed his Response to petitioner's Motion for Fees. Response, ECF No. 62. Respondent was satisfied the statutory requirements for an award of attorneys' fees and costs were met and "respectfully request[ed] that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 2, 3. Petitioner filed a Reply on September 28, 2023. Reply, ECF No. 63.

For the reasons detailed below, petitioner's Motion for Fees is **GRANTED in PART**.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.   Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's

attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates: on behalf of IRK, $358 for 2017, $368 for 2018, $383 for 2019, $405 for 2020, and $430 for 2021; on behalf of EKA, $225 for 2021, $250 for 2022, and $295 for 2023; on behalf of DAS, $450 for 2023; on behalf of KAD, $135 for 2016, $145 for 2017, and $148 for 2018; on behalf of JDE, $145 for 2017; on behalf of EKM, $148 for 2018, $154 for 2019, $160 for 2020, and $165 for 2021; on behalf of MAH, $140 for 2018, and $145 for 2019; on behalf of AJS, $155 for 2021; on behalf of JBH, $165 for 2021; on behalf of LVW, $160 for 2021; on behalf of TMA, $165 for 2021, and $170 for 2022; on behalf of MMW, $165 for 2021; on behalf of MSS, $165 for 2021, and $170 for 2022; on behalf of VCA, $180 for 2023. Petitioner's Exhibit ("Pet. Ex.") 9 at 1-18. The rates requested are consistent with what attorneys and staff at Maglio Christopher & Toale, P.A. have previously been awarded. *See Sorge v. Sec'y of Health & Human Servs.*, No. 21-1759V, 2024 WL 1511989, at *1 (Fed. Cl. Spec. Mstr. Mar. 14, 2024); *Kabayan v. Sec'y of Health & Human Servs.*, No. 22-298V, 2023 WL 7132987, at *2 (Fed. Cl. Spec. Mstr. Oct. 2, 2023); *Vorwerck v. Sec'y of Health & Human Servs.*, No. 18-749V, 2024 WL 1511985, at *2 (Fed. Cl. Spec. Mstr. Mar. 13. 2024); *Blender v. Sec'y of Health & Human Servs.*, No. 16-1308V, 2020 WL 5090439, at *3 (Fed. Cl. Spec. Mstr. Aug. 5, 2020); *Robinson v. Sec'y of Health & Human Servs.*, No. 15-967V, 2018 WL 5629850, at *2 (Fed. Cl. Spec. Mstr. Sept. 12, 2018). Thus, I find the requested rates to be reasonable.

**B.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be

---

[3] The 2015-2024 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds the number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed. Pet. Ex. 9 at 1-16. However, the billing record shows that counsel billed the full hourly attorney rate for time spent traveling, despite the notation that the time be "[c]harged at half-time." *Id.* at 9. This results in a **reduction of $384.75**. The remaining entries appear reasonable, and respondent did not state any objection to petitioner's billing entries. *See generally* Response.

**C.    Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,306.98 in miscellaneous costs to cover the acquisition of medical records, shipping costs, the filing fee, postage, and travel expenses. *See generally* Pet. Ex. 10. The costs requested are reasonable and are supported by adequate documentation. Thus, the costs will be awarded in full.

### III. Total Award Summary

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED in PART**. The undersigned awards a total of $35,517.63, consisting of $34,210.65 in fees and $1,306.98 in costs.

A **lump sum payment of $35,517.63** shall be made in the form of a check made payable jointly to petitioner, Scott Swailes, and petitioner's counsel, Elizabeth Abramson with Maglio Christopher & Toale, P.A. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master